IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Soundview Home Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2, <br>         Plaintiff, <br><br> v. <br><br> LISA PRUITT, <br>         Defendant. | §§§§§§§§§§§ | No. 3:14-CV-4221-G (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff's Motion for Attorneys' Fees [D.E. 11]. For the foregoing reasons, the undersigned recommends that the Court GRANT the Motion for Attorneys' Fees [D.E. 11].

**BACKGROUND**

On November 28, 2014, Plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2 ("Plaintiff"), filed this foreclosure action against defendant Lisa Pruitt ("Defendant") in connection with real property located at 5906 Mark Lane, Rowlett, Texas 75089. *See* Original Compl. [D.E. 1 at 2]. Plaintiff contends that Defendant and the original mortgagee, Miracle Mortgage Corporation, entered into a loan agreement by creating a debt in the amount of $110,400.00. *See id.* [D.E. 1 at 2-3]. Defendant subsequently failed to make payments in accordance with the terms of that loan agreement and was 40 monthly payments in default. *See id.* [D.E. 1 at 3]. On March 28, 2013, Plaintiff mailed Defendant a notice or demand to cure the default and of Plaintiff's intent to accelerate the debt. *See id.* [D.E. 1 at 3]. On April 30, 2013, Plaintiff accelerated the maturity of the

debt due to Defendant's failure to cure the default. *See id.* [D.E. 1 at 3]. On January 27, 2015, the Clerk of Court entered a default judgment for Defendant's failure to file a responsive pleading within 21 days of service. *See* Default J. [D.E. 9]. On January 29, 2015, the Court awarded Plaintiff its expended costs and reasonable attorneys' fees. *See* Final Default J. [D.E. 10 at 4]. On February 12, 2015, Plaintiff filed a motion seeking $2,400.00 in attorneys' fees. *See* Mot. [D.E. 11 at 2].

## ANALYSIS

"If the court concludes that the party is entitled to attorneys['] fees, it must then apply the lodestar calculation to determine the amount to be awarded." *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995). Here, the District Court determined that Plaintiff is entitled to reasonable attorneys' fees. *See* Final Default J. [D.E. 10 at 4]. Therefore, the undersigned proceeds with the lodestar calculation. "Both the Fifth Circuit and the Texas courts use the lodestar method for calculating attorney fees." *TransAmerica Inv. Grp., Inc. v. Hamilton*, Civ. Action No. H-12-1102, 2014 WL 3867687, at *1 (S.D. Tex. Aug. 6, 2014) (citing *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 867 (5th Cir. 2004); *Guity v. C. C.I. Enter., Co.*, 54 S.W.3d 526, 528 (Tex. App.-Houston [1st Dist.] 2001, no pet.)). "Under this method, the court determines the 'reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multipl[ies] the two figures together to arrive at the 'lodestar.'" *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-752-D, 2011 WL 487754, at *2 (N.D. Tex. Feb. 11, 2011) (quoting *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)).

In reviewing the submitted billing invoices, the attorneys' fee rates range from $230.00/hour

for the senior attorney, Mark Cronenwett; $190.00/hour for associate attorneys Lindsay Stansberry and Brenda Hard-Wilson; $125/hour for associate attorney Israel Saucedo; and $95/hour for paralegals Erin Jackson, Julie Carr, Lydia Ferrer, and Susan Taplin. *See* Ex. [D.E. 11-1 at 9-15]. The undersigned notes that Mr. Saucedo billed at a rate of $200.00/hour for two billing entries on 7/11/14, but billed at a rate of $125.00/hour for the remaining billing entries from 7/15/14 through 8/18/14. *See id.* [D.E. 11-1 at 9-11]. Given that most of Mr. Saucedo's work was billed at a rate of $125.00/hour, the $200.00/hour rate appears to have been in error. The undersigned finds, based on the record before the Court, that the requested hourly rates of $230.00, $190.00 and $125.00 are reasonable and are within the market rate for attorneys handling this type of litigation in the Dallas area. *See Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). Furthermore, the undersigned finds that the hourly rate of $95.00 for paralegal work is reasonable in light of the fact that Courts in the Northern District of Texas have awarded paralegal rates of $100.00/hour or more. *See Rolex Watch U.S.A., Inc. v. Mills*, No. 3:12-CV-61-L, 2012 WL 5903782, at *5-6 (N.D. Tex. Nov. 26, 2012) (awarding fees at $125/hour for a paralegal); *Fralick*, 2011 WL 487754, at *1 n.3 (finding hourly rate of $100 reasonable for paralegal); *EsNtion Records, Inc. v. Triton TM, Inc.*, No. 3:07-CV-2027-L, 2010 WL 3446910, at *3 (N.D. Tex. Aug. 31, 2010) (accepting $125 per hour rate for paralegal without further discussion where parties did not dispute rate).

      The undersigned calculates the lodestar as follows: 1.9 hours at a rate of $230.00/hour for Mr. Cronenwett ($437.00); 6.3 hours at a rate of $125/hour for Mr. Saucedo ($787.50); 3.6 hours at a rate of $190.00/hour for Ms. Stansberry and Ms. Hard-Wilson ($684.00); and 3.6 hours at a rate

3

of $95.00 ($342.00) for Ms. Taplin, Ms. Carr, Ms. Jackson, and Ms. Ferrer. This brings the total fees to $2,250.50. The discrepancy between the attorneys' fees sought in the amount of $2,400.00 and the calculation by the undersigned appears to be due to the erroneous billing rate of $200.00/hour applied to Mr. Saucedo's 7/11/14 billing entries. *See* Ex. [D.E. 11-1 at 9]. 2.3 hours of Mr. Saucedo's time billed at the $200.00/hour rate results in $460.00 whereas 2.3 hours billed at the $125.00/hour rate results in $287.50. If the difference between $460.00 and $287.50 ($172.50) is added to the undersigned's calculation of $2,250.50, that sum equals $2,422.50, the amount sought by counsel in the fee request. The undersigned finds that the time spent handling various tasks in this matter as described in the billing records was reasonable and recommends that the Court award Plaintiff $2,250.50 in attorneys' fees.[1]

---

[1] Once the lodestar is calculated, the court then determine whether to increase or decrease that amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to properly perform the legal services; (4) the preclusion of other employment due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brazos Elec. Power Co-op., Inc. v. Weber*, 238 S.W.3d 582, 585-87 (Tex. App.-Dallas 2007, no pet.). The undersigned does not find that any adjustments to the lodestar are necessary under these factors.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Plaintiff's Motion for Attorneys' Fees [D.E. 11] and award Plaintiff attorneys' fees in the amount of $2,250.50.

**SO RECOMMENDED**, this 3rd day of August, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).